UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTINEZ D. WADE,

        Petitioner,                      Case Number: 02-73346

v.                                        HONORABLE ARTHUR J. TARNOW

HAROLD WHITE,

        Respondent.
_____/

## OPINION AND ORDER CONDITIONALLY GRANTING PETITION FOR WRIT OF HABEAS CORPUS[1]

      This case is before the Court on remand from the Sixth Circuit Court of Appeals. The Court of Appeals reversed the previous judgment of this Court granting habeas corpus relief to Petitioner Martinez D. Wade on the ground that the state court's decision denying Petitioner's claim of prosecutorial misconduct was an unreasonable application of Supreme Court precedent and based upon an unreasonable determination of the facts in light of the evidence. The Court of Appeals remanded the case for "consideration of Wade's other claims, including his free-standing ineffective assistance of counsel claim." Wade v. White, 120 Fed. Appx. 591, 592 (6th Cir. 2005). The Court finds that Petitioner was denied his Sixth Amendment right to the effective assistance of counsel. The Court, therefore, shall conditionally grant a writ of habeas corpus.

---

[1] Staff Attorney Mary Beth Collery provided quality research assistance.

Wade v. White, No. 02-73346

# I.

Following a jury trial in Wayne County Circuit Court in 1998, Petitioner was convicted of involuntary manslaughter, receiving and concealing stolen property over $100, and leaving the scene of a serious accident. His convictions were affirmed on direct appeal to the Michigan Court of Appeals. People v. Wade, No. 217122 (Mich. Ct. App. 2001). The Michigan Supreme Court denied Petitioner's application for leave to appeal. People v. Wade, 465 Mich. 879 (Mich. 2001).[2]

Petitioner then filed a petition for a writ of habeas corpus in this Court, presenting the following claims:

I. The Prosecutor denied Mr. Wade's federal and state constitutional rights to a fair trial by introducing irrelevant and unfairly prejudicial evidence and making improper arguments.

   A. The prosecutor denied Mr. Wade a fair trial by introducing testimony regarding the shooting of a witness, which was never connected to Mr. Wade, and making baseless and inflammatory arguments that Mr. Wade tried to silence the witness.

   B. The prosecutor denied Mr. Wade a fair trial by introducing evidence regarding the circumstances of his arrest and making improper propensity arguments regarding that evidence.

   C. The prosecutor denied Mr. Wade a fair trial where he injected evidence that Mr. Wade had a criminal record.

---

[2] The procedural history of this case and the factual basis for Petitioner's convictions are set forth in greater detail in the Court's original Opinion and Order Conditionally Granting Petition for Writ of Habeas Corpus. Wade v. White, No. 02-73346, 2004 WL 444603, at *1-3 (E.D. Mich. March 9, 2004).

Wade v. White, No. 02-73346

      D.      The prosecutor denied Mr. Wade a fair trial where he elicited testimony from a police officer that he believed that the blood in the Camaro was Franklin's and that Franklin was the passenger.

      E.      Mr. Wade was denied a fair trial by the cumulative prejudicial effect of the prosecutor's misconduct.

II.    Mr. Wade's federal and state rights to the effective assistance of counsel were violated and he was denied a fair trial, where defense counsel failed to object to the introduction of inadmissible evidence and improper argument, and in some instances opened the door to even more damaging testimony.

The Court conditionally granted habeas corpus relief on the ground that the state court's decision denying Petitioner's claim of prosecutorial misconduct was an unreasonable application of Supreme Court precedent and based upon an unreasonable determination of the facts in light of the evidence. Wade v. White, No. 02-73346, 2004 WL 444603 (E.D. Mich. March 9, 2004). The Sixth Circuit Court of Appeals reversed this Court's decision and remanded the case "for consideration of Wade's other claims, including his free-standing ineffective assistance of counsel claim." Wade v. White, 120 Fed. Appx. 591, 592 (6th Cir. 2005). The only claim that this Court did not separately address in its original opinion was Petitioner's claim that his trial attorney was constitutionally ineffective in failing to object to the introduction of evidence regarding the shooting of Jason Franklin, a key prosecution witness, and in failing to object to the prosecutor's closing argument regarding this evidence. The Court addressed this claim in the context of whether counsel's failure to object constituted cause and prejudice to excuse the procedural default of Petitioner's prosecutorial misconduct claim, and held

that Petitioner had received ineffective assistance of counsel, thereby establishing cause and prejudice. For the reasons set forth in that opinion, the Court again finds that Petitioner received ineffective assistance of counsel, and shall conditionally grant habeas corpus relief on that basis.

## II.

Petitioner's convictions arise out of the death of Kevin Eugene Marshall. On December 13, 1996, Mr. Marshall's car was struck by a stolen Chevrolet Camaro. The driver of the Camaro was involved in a police chase at the time of the accident. Mr. Marshall later died from injuries suffered in the crash. The driver of the Camaro fled the scene of the accident.

Jason Franklin was a passenger in the Camaro which struck Mr. Marshall's car. At the scene of the accident, he told a police officer that Daniel Smith, a.k.a. Daniel Young, was the driver of the car. He did not identify Petitioner as the driver of the vehicle until the following day. Franklin admitted that Daniel Smith, the man he originally identified as the driver of the Camaro, was a very good friend. Franklin further admitted that if he had to choose between sacrificing Mr. Smith and Petitioner, he would sacrifice Petitioner.

The prosecutor then questioned Franklin regarding a shooting incident which occurred on July 2, 1997, in the Hazelwood area of the City of Detroit. Franklin testified that he was in his car when another vehicle drove up along side his car, and an individual in the other car shouted, "What's up with the fed stuff?" The individual, who Franklin

identified as "Jeffrey" then shot Franklin twenty-seven times. When he was ultimately released from the hospital, Franklin fled to Ohio because he feared for his safety. He testified that he did not know of any connection between Jeffrey and Petitioner, and that he was unaware of any motive anyone would have to shoot him.

In his closing argument, the prosecutor focused on the shooting incident. The prosecutor informed the jury that Petitioner stood to benefit greatly from the shooting. He argued that Petitioner knew Franklin's importance to the case against him, and that Petitioner knew that, without Franklin, there was no case. Thus, the prosecutor strongly implied some connection between Petitioner and the shooting.

No connection was ever established between Petitioner and the shooter. Petitioner claims that his attorney, therefore, should have objected to the admission of this testimony because it was irrelevant and unfairly prejudicial, and that he should have objected to the prosecutor's closing argument on this basis. Petitioner argues that his attorney's failure to object violated his Sixth Amendment right to the effective assistance of counsel.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." Id. at 689. This "requires a showing that counsel made errors so serious that

counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[T]he focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'" Tinsley v. Million, 399 F.3d 796, 802 (6th Cir. 2005), *quoting* Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

Judicial scrutiny of counsel's performance must be highly deferential. Strickland, 466 U.S. at 689. "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 6 (2003). Petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 690. However, simply referring to counsel's actions as "trial strategy" does not insulate the attorney's performance from further review. *See* Paine v. Massey, 339 F.3d 1194, 1200 10th Cir. 2003); Hardwick v. Crosby, 320 F.3d 1127, 1186 (11th Cir. 2003).

On federal habeas review, when a claim was adjudicated on the merits in state-court proceedings, a federal court may grant habeas relief only if the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254. A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" when the "state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 410-11; *see also* Brown v. Payton, __ U.S. __, 125 S. Ct. 1432 (2005).

The last state court to issue a reasoned opinion regarding Petitioner's ineffective assistance of counsel claim, the Michigan Court of Appeals, considered only the portion of Petitioner's ineffective assistance of counsel claim dealing with prosecutorial misconduct. The following is the state court's entire discussion of Petitioner's ineffective assistance of counsel claim:

> Defendant's final claim, that his trial counsel was ineffective is also without merit. When claiming ineffective assistance of trial counsel, defendant has the burden of showing that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would

> have been different. People v. Hoag, 460 Mich. 1, 5-6; 594 N.W.2d 57 (1999). Here, defendant claims that his counsel was ineffective by failing to object to the alleged prosecutorial misconduct. However, because there was no misconduct by the prosecutor, counsel's failure to object was not objectively unreasonable.

Wade, slip op. at 3.

The Michigan Court of Appeals failed to address Petitioner's claim that his attorney was ineffective for failing to object to the admission of irrelevant evidence and for failing to object to the prosecutor's closing argument separately from his claim that counsel failed to object to prosecutorial misconduct. In addition, although this claim was also properly presented to the Michigan Supreme Court, the Michigan Supreme Court failed to address the merits of the claim. "When a state court fails to address the merits of a properly raised ineffective assistance of counsel issue," a federal court, on habeas review, conducts its review *de novo*. McAdoo v. Elo, 365 F.3d 487, 498 (6th Cir. 2004), *cert. denied* 125 S. Ct. 168 (2004), *citing* Maples v. Stegall, 340 F.3d 433, 437 (6th Cir. 2003). *See also* Wiggins v. Smith, 539 U.S. 510 (2003) (holding that review of petitioner's ineffective assistance of counsel claim was "not circumscribed by a state court conclusion with respect to prejudice, as neither of the state courts below reached this prong of the Strickland analysis"). This Court, therefore, must review Petitioner's claim that his attorney was ineffective for failing to object to the admission of testimony regarding the Franklin shooting and for failing to object to the prosecutor's closing argument *de novo*.

Wade v. White, No. 02-73346

In its opinion reversing this Court's grant of habeas corpus relief, the Sixth Circuit Court of Appeals agreed with this Court's assessment that Franklin's testimony regarding the shooting, including his testimony that the shooter asked, "What's up with that Fed stuff," was irrelevant. The Sixth Circuit Court of Appeals held that the testimony was "clearly . . . inadmissible." Wade, 120 Fed. Appx. at 594.

The Court can discern no reasonable strategic justification for Petitioner's attorney's failure to object to the admission of this testimony. While an attorney may, under certain circumstances, decline to object to the admission of testimony because the inadmissible testimony in some way aids the defense, this testimony was, without question, detrimental to the defense. As will be discussed in more detail below, Franklin's testimony implied to the jury that Petitioner was somehow involved in an attempt to intimidate Franklin to the degree that he would be too frightened to testify. Given the danger that Petitioner would be linked in the jury's mind to the attempt to intimidate Franklin and that the jury would infer Petitioner's consciousness of guilt, an attorney, acting within "the wide range of professionally competent assistance," would have objected to this inadmissible testimony. Strickland, 466 U.S. at 689.

Similarly, counsel's failure to object to the prosecutor's suggestion during closing argument that Petitioner was involved in the shooting was without reasonable justification. During his closing statement, the prosecutor argued, in relevant part:

Now, what's the best thing that can happen for Mr. Wade? For Mr.

9

> Franklin to disappear.  That's the best thing that could happen.  Now, we know that on June 2nd, which was less than 30 days from the time he's arrested, that Mr. Franklin was shot.  And I don't have to repeat what the shooter told him, 'cause you heard it.  And of course, Mr. Franklin – now, at this point, of course he's going to be upset with Mr. Wade. . . . But in order to have the case, we have to have Mr. Franklin here in person and breathing.

Although defense counsel objected to a portion of the prosecutor's closing argument regarding the shooting, he did so on the basis that the prosecutor was attempting to shift the burden of proof.  He failed to object on the ground that no evidence connecting Petitioner to the shooting was adduced at trial.[3]  The risk that the prosecutor's argument would lead the jury to impute to Petitioner an attempt to intimidate Franklin would spur an attorney acting within the wide range of professionally competent assistance to object to this argument.

Respondent's argument that Petitioner's attorney was not ineffective in failing to object to the admission of this testimony because the testimony was ruled properly

---

[3] In the original opinion granting habeas relief, this Court held that the prosecutor committed misconduct by eliciting testimony regarding the unrelated shooting of Franklin and in arguing in closing a connection between Petitioner and the shooting.  The Court held that the prosecutor's comments tended to mislead the jury to believe that some connection existed between Petitioner and the shooting and the prosecutor's remarks were deliberately made and repeated.  In reversing the Court's decision, the Sixth Circuit Court of Appeals held that the prosecutor's comments did not constitute misconduct because they "did not misstate the evidence" and because the prosecutor simply asked questions which called for answers which were inadmissible on grounds of relevance.  <u>Wade</u>, 120 Fed. Appx. at 594.  The Court notes that, while the prosecutor's questions to Franklin regarding the shooting did not misstate the evidence, the prosecutor's closing argument intentionally linked Petitioner to Franklin's shooting when no evidence of such a link was presented at trial.

admitted by the Michigan Court of Appeals is unpersuasive. The Michigan Court of Appeals held that, "[t]he prosecutor did not engage in misconduct by introducing evidence that *defendant* shot a key prosecution witness prior to trial because it was probative of defendant's consciousness of guilt." Wade, slip op. at 2 (emphasis supplied). No evidence admitted at trial establishes any connection between Petitioner and the shooting. Thus, the state court's finding that evidence that Petitioner shot Franklin was admissible is irrelevant to the Court's legal analysis of Petitioner's ineffective assistance of counsel claim as no such evidence was offered at trial. However, it does serve to highlight the danger of the prosecutor's closing argument. The Michigan Court of Appeals' wrong conclusion linking Petitioner to the shooting is the same wrong conclusion the jury could have reached given the prosecutor's closing argument implying Petitioner's involvement in the shooting of Franklin.

The Court concludes that Petitioner has satisfied the first prong of Strickland, by showing that his attorney's failure to object to the admission of testimony related to the shooting of Franklin and failing to object to the prosecutor's closing argument was outside the wide range of professionally competent assistance.

The Court must now decide whether Petitioner was prejudiced by counsel's failure to object. Prejudice will be established if there is a "reasonable probability" that, but for counsel's failure to object, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Wade v. White, No. 02-73346

The Court first considers the strength of the evidence against Petitioner. Two people identified Petitioner as the driver of the vehicle, Franklin and Officer Daniels. Franklin's testimony identifying Petitioner was key to the prosecution's case. The importance of Franklin's testimony was unequivocally established because, when Franklin could not be located to testify during the original preliminary examination, the case was dismissed. At the scene of the accident, when he was bleeding heavily from a gash in his head, Franklin told a police officer that Daniel Smith, a.k.a. Daniel Young, was the driver of the car. He did not identify Petitioner as the driver until the following day, after he had an opportunity for reflection. The statement identifying Petitioner as the shooter was made when Franklin was still "under the sway" of "a startling event." U.S. v. Winters, 33 F.3d 720, 722 (6th Cir. 1994). A statement made when the declarant is under the stress caused by a startling event carries an *indicia* of reliability because the statement is made before the declarant has an opportunity "to contrive or misrepresent." Id. In contrast, Franklin's statement identifying Petitioner as the driver was made a day after the event, giving rise to the suspicion that it was "contrived or the product of reflection." Haggins v. Warden, 715 F.2d 1050, 1057 (6th Cir. 1983). Further, Franklin admitted at trial that he was good friends with Daniel Smith and that if he had to choose between sacrificing Petitioner and sacrificing Smith he would sacrifice Petitioner.

The only other person identifying Petitioner as the driver of the Camaro was Police Officer Daniels. Officer Daniels was involved in the original traffic stop of the Camaro,

from which the Camaro suddenly sped off, striking the car which the victim was driving. While the jury was free to believe Officer Daniels, as noted in the Court's original opinion granting relief, his identification was questionable for several reasons: he failed to record any significant physical description of the driver in his contemporaneous report; he admitted that he viewed the Camaro's driver only in the reflection in the vehicle's side-view mirror, at night, from a distance of several feet; he identified Petitioner as the driver based upon a photograph he saw seven months after the accident, but, nevertheless, failed to inform the investigating officer of this identification.

The testimony that Franklin was shot, that he fled Michigan after being shot, and the prosecutor's argument that Petitioner served to benefit from Franklin's disappearance could have led a juror to infer that this evidence tended to show Petitioner's consciousness of guilt, despite the absence of *any* link between Petitioner and the shooting. The potential harm of this unsubstantiated inference is magnified by the relative weakness of the testimony implicating Petitioner. Only two witnesses directly identified Petitioner as the driver. As discussed above, both of these identifications, particularly Franklin's, were questionable.

Based upon the foregoing, the Court's confidence in the outcome of the trial is seriously undermined. The Court finds that there is a reasonable probability that, but for counsel's failure to object to the admission of this irrelevant evidence and to the prosecutor's closing argument, the result of the proceeding would have been different.

Wade v. White, No. 02-73346

The Court, therefore, shall grant habeas relief on this claim.

### III.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **CONDITIONALLY GRANTED**.

Unless a date for a new trial is scheduled within ninety days, Petitioner Wade must be unconditionally released.

                                s/Arthur J. Tarnow
                                Arthur J. Tarnow
                                United States District Judge

Dated:  April 20, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 20, 2005, by electronic and/or ordinary mail.

                                s/Catherine A. Pickles
                                Case Manager